**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00252-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.   LINO GUITRAN GONZALEZ,
4.   GABRIAL LUNA, and
5.   JOSE ARMANDO MUNOZ,[1]

    Defendants.

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTIONS TO
EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

**Blackburn, J.**

    This matter before me following a status conference and hearing held on November 12, 2010. At the status conference and hearing, defendants Lino Guitran Gonzalez and Gabrial Luna made oral motions for the exclusion of an additional 90 days from the computation of the speedy trial time in this case. The government does not oppose those motions. This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, and orders entered from the bench during the hearing.

    The motions of Gonzalez and Luna implicate the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motions implicate 18 U.S.C. §

---

[1] I omit from the caption of this order the names of the other persons originally named as defendants in this case. The other defendants have been dismissed from this case, have filed notices of disposition in this case, or are fugitives from justice. As a result, the terms of this order are not applicable to the defendants not listed in the caption of this order.

3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." ***United States v. Hill***, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. ***See*** 18 U.S.C. § 3161(c)(1); ***United States v. Lugo***, 170 F.3d 996, 10001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. ***See*** 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" ***Hill***, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. ***Id.*** at 441. First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an

ends-of-justice continuance be prospective, not retroactive[.]'" **Id.** (quoting **Doran**, 882 F.2d at 1516). I have discharged these duties.

I continue to rely on the professional experience prosecuting or defending criminal cases in state and federal court of counsel for the government and for the defendants in this case.  In turn, I rely on the considerable professional experience and judgment of counsel in fashioning a reasonable schedule for completion of pretrial proceedings in this case.   Additionally, I am sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); and **Bloate v. United States**, – U.S. –. 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010).

The requests of Gonzalez and Luna are unopposed by the government, and, therefore, the various representations and averments of fact presented by these two defendants have been established. Thus, I need not reiterate them here.  In summary, defendants Gonzalez and Luna contend that they reasonably need additional time to facilitate the preparation and filing of additional non-CJA pretrial motions, which may include but are not limited to motions attacking the indictment, motions to sever, motions to suppress, and the like.

Based on the relevant record considered as a whole, I find that it would be unreasonable to expect adequate preparation by defendants Gonzalez and Luna, despite due diligence, for pretrial or trial proceedings within the time allowed under 18 U.S.C. § 3161(c), including the time previously excluded from the speedy trial calculation in this case. In an order [#112] entered in this case on June 25, 2010, I

excluded 180 days, beginning on the date of that order, from the computation of speedy trial time in this case. That exclusion of time ends on December 24, 2010. I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

(1)  That failure to grant a continuance of trial and filing deadlines beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That the case is so unusual or so complex, due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act] within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii);

(3)  That even considering due diligence, failure to grant the motion would deny counsel for defendants Gonzalez and Luna the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(4)  That an additional ninety (90) days from December 24, 2010, should be excluded from the computation of the speedy trial time; and

(5)  That, therefore, the ends of justice served by granting the motions outweighs the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Finally, I note that defendant Jose Armando Munoz stated at the November 12, 2010, hearing that he objects to the exclusion of additional time under the Speedy Trial

Act and that, instead, he seeks to exercise his right to a trial at the earliest possible date. As to Munoz, I note that § 3161(h)(6) provides that when a defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted, a reasonable period of delay caused by the joinder with such codefendant is excluded from the calculation of speedy trial time under the Act. Munoz is joined in this case with Gonzalez and Luna and, under § 3161(h)(6), the exclusion of 90 days from the calculation of speedy trial time with regard to Gonzalez and Luna also constitutes an exclusion of that period of time from the calculation of time for a speedy trial time for Munoz.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That the oral motions of defendants Lino Guitran Gonzalez and Gabrial Luna for exclusion of an additional time under the Speedy Trial Act, are **GRANTED** consistent with the foregoing findings and conclusions and the following orders;

      2.  That for now an additional **ninety (90) days** from December 24, 2010, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74;

      3.  That all non-CJA, pretrial motions **SHALL BE FILED** by **March 25, 2011**;

      4.  That any response to such a timely filed pretrial motion **SHALL BE FILED** by **April 7, 2011**;

      5.  That as discussed and agreed by all in attendance at the hearing, the court **SHALL CONDUCT** a status conference on April l8, 2011, at 9:00 a.m., at which counsel and the defendants, unless excused by the court, shall appear without further notice or

order; provided, furthermore, that to the extent necessary, the United States Marshal for the District of Colorado shall assist the court in securing the appearance of any defendant then in custody.

Done in chambers November 15, 2010, at Denver, Colorado, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench during the hearing on November 12, 2010.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge