**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00252-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.   LINO GUITRAN GONZALEZ, and
4.   GABRIEL LUNA,[1]

    Defendants.

**ORDER RE: PRETRIAL MOTIONS**

**Blackburn, J.**

This matter is before me for consideration of the following pretrial motions: (1) the **Motion for Disclosure Pursuant to Rules 404(b) and 609, Federal Rules of Evidence** [#138][2] filed August 9, 2010, by defendant Gonzalez; (2) the **Request for Notice by Government of Intent To Introduce Evidence Pursuant to Rule 807, F.R.E.** [#139] filed August 9, 2010, by defendant Gonzalez; (3) the **Request for Notice of Government's Intent To Use Evidence** [#140] filed August 9, 2010, by defendant Gonzalez; (4) the **Motion for Additional Discovery** [#141] filed August 9, 2010, by defendant Gonzalez; (5) the **Request for Notice of Intent To Call Expert Witnesses**

---

[1] I omit from the caption of this order the names of the other persons originally named as defendants in this case. The other defendants have been dismissed from this case, have filed notices of disposition in this case, or are fugitives from justice. As a result, the terms of this order are not applicable to the defendants not listed in the caption of this order.

[2] "[#138]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

**And Discovery Pursuant to Rule 16(a)(1)(D) and (E), Fde.R.Crim.P.** [#142] filed August 9, 2010, by defendant Gonzalez; (6) the **Motion for Preservation of Recordings And Notes** [#143] filed August 9, 2010, by defendant Gonzalez; (7) the **Motion To Compel Disclosure of Existence And Substance of Promises of Immunity, Leniency or Preferential Treatment** [#144] filed August 9, 2010, by defendant Gonzalez; (8) the **Motion To Disclose Identity of Informants (With Authority)** [#145] filed August 9, 2010, by defendant Gonzalez; (9) the **Motion To Disclose And Produce *Brady* (Exculpatory) Material** [#146] filed August 9, 2010, by defendant Gonzalez; and (10) the **Motion of Defendant Gabriel Luna for Additional Discovery** [#185] filed October 18, 2010.

On September 2, 2010, the government filed consolidated responses, which, *inter alia*, address the issues raised by and inherent to the various pretrial motions filed by defendant Gonzalez. *See* [#163] and [#164]. Additionally, on November 1, 2010, the government filed a response to the **Motion of Defendant Gabriel Luna for Additional Discovery** [#185] filed October 18, 2010. *See* [#188].

In fashioning my ruling I have considered all relevant adjudicative facts in the file and record of this case. I have considered, but not necessarily accepted, the relevant facts presented, reasons stated, arguments advanced, and authorities cited by counsel in their papers.

Concerning the **Motion for Disclosure Pursuant to Rules 404(b) and 609, Federal Rules of Evidence** [#138] filed August 9, 2010, by defendant Gonzalez, I find and conclude as follows: (1) that the request for discovery under Fed. R. Evid. 609 is

moot because the government is unaware of any such information; and (2) that the request for discovery under Fed. R. Evid. 404(b) has been satisfied by the disclosure of discovery *pro tanto*. Thus, this motion should be denied as moot.[3]

Concerning the **Request for Notice by Government of Intent To Introduce Evidence Pursuant to Rule 807, F.R.E.** [#139] filed August 9, 2010, filed by defendant Gonzalez, I find and conclude that the government does not intend to offer evidence under Fed.R.Evid. 807.[4] Thus, this motion should be denied as moot.

Concerning the **Request for Notice of Government's Intent To Use Evidence** [#140] filed August 9, 2010, by defendant Gonzalez, I find and conclude (1) that I construe the motion to be brought under Fed. R. Crim. P. 12(b)(4)(B);[5] and (2) that the discovery disclosed and produced *pro tanto* is sufficient to preserve defendant's opportunity to move to suppress evidence under Fed. R. Crim. P. 12(b)(3)(C). Thus, the motion should be denied as moot.

Concerning the **Motion for Additional Discovery** [#141] filed August 9, 2010, by defendant Gonzalez, I find and conclude as follows: (1) that the government is aware of its continuing duty to disclose to defendant the discovery to which he is entitled by law; (2) that the government has sedulously discharged its duty to provide the discovery to

---

[3] Additionally, I note that evidence under Fed. R. Evid. 404(b) is the subject of the extant **Discovery Conference Memorandum And Order** [#64] at 4, ¶ I.C. and at 8, ¶ V.(A), entered May 19, 2010.

[4] *See* government's consolidated response [#163] at 9, ¶ 8.

[5] And not under Rule 12(d)(2), which does not exist, as cited in defendant's motion at 1.

which defendant is entitled;[6] (3) that defendant has been provided *pro tanto* the discovery to which he is entitled under Rule 16, as codified and construed, and under **Brady, Bagley, Giglio**, and their progeny;[7] (4) that no discreet or specific discovery violations are claimed or circumstantiated; and (5) that defendant is not now entitled to discovery beyond that already provided by the government or otherwise available to him or beyond that the government represents it will provide. Thus, to the extent defendant has the discovery to which he is entitled, his motion should be denied as moot, and to the extent defendant requests discovery to which he has no right, his motion should be denied.[8]

Concerning the **Request for Notice of Intent To Call Expert Witnesses And Discovery Pursuant to Rule 16(a)(1)(D) and (E), Fed.R.Crim.P.** [#142] filed August 9, 2010, by defendant Gonzalez, I find and conclude as follows: (1) that I construe the motion to be brought under Fed. R. Crim. P. 16(a)(F) and (G);[9] (2) that all laboratory reports prepared by the government's expert, Paul Eyerly, have been disclosed to defendant;[10] and (3) that the written summary required under subparagraph G will be

---

[6] In fact, in many instances the government has provided discovery to which the defendant is not entitled at all or provided discovery earlier than required.

[7] The reference to "**Brady, Bagley, Giglio**," is a reference to **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); **United States v. Bagley**, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); and **Giglio v. United States**, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

[8] Also, I approve, adopt, and incorporate the relevant reasons stated, arguments advanced, and authorities cited by the government in its consolidated response [164].

[9] And not under Rule 16(a)(1)(D) and (E), which address discovery in the form of "Defendant's Prior Record," *see* Rule 16(a)(1)(D), and "Documents and Objects," *see* Rule 16(a)(1)(E).

[10] *See* government's consolidated response [#163] at 2, ¶ 1.

provided no later than 60 days before trial,[11] which is reasonable. Thus, the motion should be denied as moot.

Concerning the **Motion for Preservation of Recordings And Notes** [#143] filed August 9, 2010, by defendant Gonzalez, I find and conclude that the discovery requested is not required under the Jencks Act, 18 U.S.C. § 23500, or Supreme Court or Tenth Circuit precedent. Further, to the extent that any such notes or tapes contain discovery to which the defendant is entitled under Rule 16, as codified and construed, or under *Brady, Bagley, Giglio*, and their progeny, such discovery has been provided *pro tanto*. Thus, this motion should be denied.[12]

Concerning the **Motion To Compel Disclosure of Existence And Substance of Promises of Immunity, Leniency or Preferential Treatment** [#144] filed August 9, 2010, by defendant Gonzalez, I find and conclude (1) that the government is aware of its continuing duty to disclose to defendant the discovery to which he is entitled by law; (2) that the government has sedulously discharged its duty to provide the discovery to which defendant is entitled; (3) that defendant has been provided *pro tanto* the discovery to which he is entitled under Rule 16, as codified and construed, and under *Brady, Bagley, Giglio*, and their progeny; (4) that no discreet or specific discovery violations are claimed or circumstantiated; (5) that defendant is not now entitled to discovery beyond that already provided by the government or otherwise available to him

---

[11] *See id.*

[12] In further support of my ruling on this discrete motion, I approve, adopt, and incorporate the reasons stated, arguments advances, and authorities cited by the government in its consolidated response. *See* government's consolidated response [#163] at 7-8, ¶ 5.

or beyond that the government represents it will provide; and (6) that if the government intends to call a confidential informant or a cooperating witness at trial in its case-in-chief, the government must, as it promised,[13] not later than 14 days before trial disclose the identity of any such witness and provide for each such witness the discovery required by the *Jencks* Act, 18 U.S.C. § 3500, Rule 16, as codified and construed, and *Brady, Bagley, Giglio*, and their progeny. Thus, to the extent defendant has the discovery to which he is entitled, his motion should be denied as moot, and to the extent defendant requests discovery to which he has no right, his motion should be denied.[14]

Concerning the **Motion To Disclose Identity of Informants (With Authority)** [#145] filed August 9, 2010, by defendant Gonzalez, I find and conclude (1) that only co-defendant, Sonia Ramirez, dealt directly with a cooperating individual under police surveillance; (2) that the government is unaware of any contact or transaction between an undercover officer or a confidential informant and the defendant; (3) that defendant has failed to sustain his burden to demonstrate necessity; (4) that I will require the government, as it promised, to disclose not later than 14 days before trial the identity of any such witness and provide for each such witness the discovery required by the *Jencks* Act, 18 U.S.C. § 3500, Rule 16, as codified and construed, and *Brady, Bagley, Giglio*, and their progeny; and (5) that, thus, the government's privilege of

---

[13] *See* government's consolidated response [#163] at 8-9, ¶ 6. I intend to hold the government to its word.

[14] Also, I approve, adopt, and incorporate the relevant reasons stated, arguments advanced, and authorities cited by the government in its consolidated response [164].

nondisclosure remains viable for now.[15] Accordingly, the motion should be denied, but without prejudice.

Concerning the **Motion To Disclose And Produce *Brady* (Exculpatory) Material** [#146] filed August 9, 2010, by defendant Gonzalez, I find and conclude as follows: (1) that the government is aware of its continuing duty to disclose to defendant the discovery to which he is entitled by law; (2) that the government has sedulously discharged its duty to provide the discovery to which defendant is entitled; (3) that defendant has been provided *pro tanto* the discovery to which he is entitled under Rule 16, as codified and construed, and under ***Brady, Bagley, Giglio***, and their progeny; (4) that no discreet or specific discovery violations are claimed or circumstantiated; (5) that the government is unaware of any specific or discreet discovery that is favorable to defendant on the issues of culpability, credibility, or sentencing within the meaning of ***Brady, Bagley, Giglio***, and their progeny; (6) that the government is unaware of any specific or discreet discovery that implicates an inconsistent statement of material fact by a government witnesses; and (7) that defendant is not now entitled to discovery beyond that already provided by the government or otherwise available to him or beyond that the government represents it will provide. Thus, to the extent defendant has the discovery to which he is entitled, his motion should be denied as moot, and to the extent defendant requests discovery to which he has no right, his motion should be denied.

---

[15] Also, I approve, adopt, and incorporate the relevant facts presented, reasons stated, arguments advanced, and authorities cited by the government in its consolidated response [#163] at 5-7, ¶ 4.

Concerning the **Motion of Defendant Gabriel Luna for Additional Discovery** [#185] filed October 18, 2010, I Find and conclude as follows: (1) that the defendant failed to demonstrate if and how the requested discovery is material to preparing his defense within the meaning of Fed. R. Crim. P. 16(a)(1)(E)(I); (2) that the government is aware of its continuing duty to disclose to defendant the discovery to which he is entitled by law; (3) that the government has sedulously discharged its duty to provide the discovery to which defendant is entitled; (4) that defendant has been provided *pro tanto* the discovery to which he is entitled under Rule 16, as codified and construed, and under ***Brady, Bagley, Giglio***, and their progeny; (5) that no discreet or specific discovery violations are claimed or circumstantiated; and (6) that defendant is not now entitled to discovery beyond that already provided by the government or otherwise available to him or beyond that the government represents it will provide. Thus, to the extent defendant has the discovery to which he is entitled, his motion should be denied as moot, and to the extent defendant requests discovery to which he has no right, his motion should be denied.[16]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion for Disclosure Pursuant to Rules 404(b) and 609, Federal Rules of Evidence** [#138] filed August 9, 2010, by defendant Gonzalez, is **DENIED** as moot;

2. That the **Request for Notice by Government of Intent To Introduce Evidence Pursuant to Rule 807, F.R.E.** [#139] filed August 9, 2010, filed by defendant

---

[16] Also, I approve, adopt, and incorporate the relevant facts presented, reasons stated, arguments advanced, and authorities cited by the government in its supplemental response [#188].

Gonzalez is **DENIED** as moot;

    3.  That the **Request for Notice of Government's Intent To Use Evidence** [#140] filed August 9, 2010, by defendant Gonzalez is **DENIED** as moot;

    4.  That the **Motion for Additional Discovery** [#141] filed August 9, 2010, by defendant Gonzalez is **DENIED** in part as moot and **DENIED** otherwise:

        a. That concerning the discovery that is required by law, the motion is **DENIED** as moot; and

        b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion is **DENIED**;

    5.  That the **Request for Notice of Intent To Call Expert Witnesses And Discovery Pursuant to Rule 16(a)(1)(D) and (E), Fed.R.Crim.P.** [#142] filed August 9, 2010, by defendant Gonzalez is **DENIED** as moot; provided, however, not later than 60 days before trial the government shall disclose and produce the summary required by Fed. R. Crim. P. 16(a)(G) for each expert witness it intends to call at trial in its case-in-chief;

    6.  That the **Motion for Preservation of Recordings And Notes** [#143] filed August 9, 2010, by defendant Gonzalez is **DENIED**;

    7.  That the **Motion To Compel Disclosure of Existence And Substance of Promises of Immunity, Leniency or Preferential Treatment** [#144] filed August 9, 2010, by defendant Gonzalez is **DENIED** in part as moot and **DENIED** otherwise:

        a. That concerning the discovery that is required by law, the motion is **DENIED** as moot;

   b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion is **DENIED**; and

   c.  That, however, if the government intends to call a confidential informant or a cooperating witness at trial in its case-in-chief, then not later than 14 days before trial, the government must disclose the identity of any such witness and provide for each such witness the discovery required by the *Jencks* Act, 18 U.S.C. § 3500; Rule 16, as codified and construed; and **Brady, Bagley, Giglio**, and their progeny;

8. That the **Motion To Disclose Identity of Informants (With Authority)** [#145] filed August 9, 2010, by defendant Gonzalez is **DENIED** without prejudice and subject to the disclosure and discovery required in ¶ 7.c., *supra*.;

9. That the **Motion To Disclose And Produce *Brady* (Exculpatory) Material** [#146] filed August 9, 2010, by defendant Gonzalez is **DENIED** in part as moot and **DENIED** otherwise:

   a. That concerning the discovery that is required by law, the motion is **DENIED** as moot;

   b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion is **DENIED**; and

   c. That, however, if the government discerns any inconsistent statement of material fact by a government witnesses, then not later than 14 days before trial, the government shall disclose the identity of any such witness and any such inconsistent statement;

10.  That the **Motion of Defendant Gabriel Luna for Additional Discovery**

10

[#185] filed October 18, 2010, is **DENIED** in part as moot and **DENIED** otherwise:

    a. That concerning the discovery that is required by law, the motion is **DENIED** as moot; and

    b. That concerning the discovery that is not required, but that is requested nevertheless by defendant, the motion is **DENIED**; and

11.  That the discovery and disclosure required in the foregoing orders at ¶¶ 5., 7.c., 8., and 9.c., *supra.*, **SHALL APPLY** also to defendant, Gabriel Luna.

Dated December 7, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge